RODNEY B. SORENSEN, Bar No. 196926
PAYNE & FEARS LLP
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Tel: 415-398-7860
Fax: 415-398-7863
Email: rbs@paynefears.com

Attorneys for Plaintiff
John French

JOHN R. SHUMAN, JR., Bar No. 100236
AMY BECKSTEAD, Bar No. 216422
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650-833-2000
Fax: 650-833-2001

Attorneys for Defendant
JDS Uniphase Corporation

\*\* E-filed January 18, 2011 \*\*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN FRENCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>　　　　Defendant,<br><br>JDS UNIPHASE CORPORATION, a Delaware corporation. | CASE NO.  CV 10-03645 JF<br><br>**STIPULATED PROTECTIVE ORDER**<br>**AS MODIFIED BY THE COURT**<br><br>Date First Paper Filed:  August 18, 2010 |

**1.     PURPOSES AND LIMITATIONS**

　　　1.1     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following

Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 13 (Filing Protected Material), that this Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 *and General Order 62* sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.    DEFINITIONS**

2.1    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.2    "Confidential" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosing Counsel: A Party's attorney that discloses Discovery Material to another Person.

2.6    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: A Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party

or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.8 <u>House Counsel</u>:  Attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

  2.9 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  2.10 <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.  With regard to Plaintiff's counsel, "Outside Counsel of Record" is limited to those attorneys designated by court order as lead counsel, either interim lead counsel or otherwise.

  2.11 <u>Plaintiff</u>:  Plaintiff John French.

  2.12 <u>Party or Parties</u>:  The parties to the above-captioned action, defendant JDS Uniphase Corporation ("JDSU") and Plaintiff.

  2.13 <u>Person or Persons</u>:  A natural person, firm, association, organization, partnership, business trust, corporation, limited liability company, or public entity.

  2.14 <u>Producing Party</u>:  A Person that produces Discovery Material in this action.

  2.15 <u>Professional Vendors</u>:  Persons that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.16 <u>Protected Material</u>:  Any Discovery Material that is designated as "CONFIDENTIAL."

  2.17 <u>Receiving Party</u>:  A Person that receives Discovery Material produced or disclosed in this action.

**3. SCOPE**

  3.1 The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

testimony, conversations, or presentations by Parties or their Counsel to or in court or in other settings that might reveal Protected Material.  The protections conferred by this Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement and/or order.

**4.     DURATION**

4.1     Even after the final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  *This Court will retain jurisdiction to enforce the terms of this protective order for a period of six (6) months after final termination of this action.*

**5.     DESIGNATION**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

    (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, that protection is being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL", on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, that protection is being asserted.

    (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, the testimony that qualifies as Confidential Information.  When it is impractical to identify separately each portion of the testimony that is entitled to protection or when it appears

1  that substantial portions of the testimony may qualify for protection, a Person may invoke on the
2  record (before the deposition or other testimony is concluded) a right to have up to 21 days from
3  the date the transcript becomes available to designate specific portions of the testimony as
4  constituting Confidential Information.

5  Only those portions of the testimony that are appropriately designated for
6  protection within the 21 days shall be covered by the provisions of this Stipulated Protective
7  Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days
8  afterwards if that period is properly invoked, that the entire transcript shall be treated as
9  "CONFIDENTIAL."

10  All Parties shall give the other parties notice if they reasonably expect a
11  deposition, hearing or other proceeding to include Protected Material so that the other parties can
12  ensure that individuals present at those proceedings are authorized to be there and have signed the
13  "Agreement To Be Bound by Protective Order."  The use of a document as an exhibit at a
14  deposition shall not in any way affect its designation as "CONFIDENTIAL."

15  Transcripts containing Protected Material shall have an obvious legend on the title
16  page that the transcript contains Protected Material, and the title page shall be followed by a list
17  of all pages (including line numbers as appropriate) that have been designated as Protected
18  Material by the Designating Party. The Designating Party shall inform the court reporter of these
19  requirements. Any transcript that is prepared before the expiration of a 21-day period for
20  designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in
21  its entirety unless otherwise agreed, and after the expiration of that period only as actually
22  designated.

23  (c)  <u>for information produced in some form other than documentary and for any
24  other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
25  container or containers in which the information or item is stored the legend "CONFIDENTIAL."
26  If only portions of the information or item warrant protection, the Producing Party, to the extent
27  practicable, shall identify the protected portions.
28  /////

1     5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
2  designate qualified information or items does not, standing alone, waive the Designating Party's
3  right to secure protection under this Order for such material.  Upon timely correction of a
4  designation, the Receiving Party must make reasonable efforts to assure that the material is
5  treated in accordance with the provisions of this Order.

6  **6.     CHALLENGES TO DESIGNATIONS**

7     6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of
8  Protected Material at any time.  Unless a prompt challenge to a Designating Party's designation is
9  necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later
10 significant disruption or delay of the litigation, a Party does not waive its right to challenge a
11 designation by electing not to mount a challenge promptly after the original designation is
12 disclosed.

13    6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution
14 process by providing written notice of each designation it is challenging and describing the basis
15 for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written
16 notice must recite that the challenge to confidentiality is being made in accordance with this
17 specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in
18 good faith and must begin the process by conferring directly (<u>in voice to voice dialogue; other</u>
19 <u>forms of communication are not sufficient</u>) within fourteen days of the date of service of notice.
20 In conferring, the Challenging Party must explain the basis for its belief that the designation was
21 not proper and must give the Designating Party an opportunity to review the Designated Material,
22 to reconsider the circumstances, and, if no change in designation is offered, to explain the basis
23 for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge
24 process <u>only</u> if it has engaged in this meet and confer process first or establishes that the
25 Designating Party is unwilling to participate in the meet and confer process in a timely manner.

26    6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
27 intervention, the Challenging Party shall file and serve a motion under Civil Local Rule 7-11 (and
28 in compliance with Civil Local Rule 79-5, if applicable) to challenge the designation of

1  confidentiality within 21 court days of the parties agreeing that the meet and confer process will
2  not resolve their dispute.  Each such motion must be accompanied by a competent declaration that
3  affirms that the movant has complied with the meet and confer requirements imposed in the
4  preceding paragraph.

5  The burden of persuasion in any such challenge proceeding shall be on the Designating
6  Party.  Frivolous challenges, or those made for an improper purpose (e.g., to harass or impose
7  unnecessary expenses and burdens on other parties) may expose the Challenging Party to
8  sanctions.  Until the court rules on the challenge, all parties shall continue to afford the material in
9  question the level of protection to which it is entitled under the Producing Party's designation.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed
or produced by another Party or by a Non-Party in connection with this case only for prosecuting,
defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only
to the categories of Persons and under the conditions described in this Protective Order.  When
the litigation has been terminated, a Receiving Party must comply with the provisions of Section
14 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a
location and in a secure manner that ensures that access is limited to the Persons authorized under
this Protective Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise
ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may
disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as
employees of said Counsel to whom it is reasonably necessary to disclose the information for this
litigation;

(b)     the officers, directors, and employees (including House Counsel) of the
Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the named plaintiff who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a person who otherwise possessed or knew the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order was issued or obtaining the Designating Party's permission. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9.1 If a Receiving Party or Disclosing Counsel learns that, by inadvertence or otherwise, he or she has disclosed Protected Material to any Person or in any circumstance not authorized under this Protective Order, that Disclosing Counsel must immediately (a) notify the Designating Party in writing of the unauthorized disclosures; (b) use his or her best efforts to retrieve all copies of the Protected Material, including any copies or reproduction, excerpts, summaries or other documents or media that paraphrase, excerpt or contain the Protected Material; (c) inform the Person or Persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such Person or Persons to execute the Acknowledgement And Agreement To Be Bound (attached hereto as Exhibit A).

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to the other parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the parties that received such material are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

/////

/////

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

11.1   The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the Non-Party.

11.3   If the Non-Party fails to object or seek a protective order from the Court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**12. FILING PROTECTED MATERIAL**

12.1   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must

and General Order 62

comply with Civil Local Rule 79-5. Protected material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged or protectable as a trade secret or otherwise entitled to protection under the law.

**13. FINAL DISPOSITION**

13.1 Within sixty days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration), above.

**14. MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party

/////

waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 4, 2011         DLA PIPER LLP (US)

By _____/s/_____
AMY E. BECKSTEAD
Attorneys for Defendant
JDS Uniphase Corporation

Dated: January 4, 2011         PAYNE & FEARS

By _____/s/_____
RODNEY B. SORENSEN
Attorneys for Plaintiff
John French

**ATTESTATION OF E-FILED SIGNATURE**

I, Amy E. Beckstead, Esq., am the ECF User whose ID and password are being used to file this Stipulated Protective Order. In compliance with General Order 45, X.B., I hereby attest that Rodney B. Sorensen, Esq. has read and approved this Stipulated Protective Order and consents to its filing in this action.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: ____January 18____, 2011

By _____
~~United States District Judge~~
HOWARD R. LLOYD
United States Magistrate Judge

EXHIBIT A

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of *French v. JDS Uniphase Corporation*, Case No. CV-10-03645 JF.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any Person except in compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement occurs after the termination of the above-referenced action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____