1  RODNEY B. SORENSEN, Bar No. 196926
   EMILY J. SCHULTZ, Bar No. 202815
2  E-Mail: *rbs@paynefears.com*
   E-Mail: *ejs@paynefears.com*
3  PAYNE & FEARS LLP
   Attorneys at Law
4  One Embarcadero Center, Suite 2300
   San Francisco, CA 94111
5  Telephone: (415) 398-7860
   Facsimile: (415) 398-7863
6
7  Attorneys for Plaintiff
   JOHN FRENCH

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

| | |
|---|---|
| JOHN FRENCH,<br><br>           Plaintiff,<br><br>      v.<br><br>JDS UNIPHASE CORPORATION, a Delaware corporation,<br><br>           Defendant. | CASE NO. CV 10-03645 JF<br><br>**STIPULATION AND ORDER GRANTING PLAINTIFF LEAVE TO FILE THE FIRST AMENDED COMPLAINT** |

19    Plaintiff, JOHN FRENCH, and Defendant, JDS UNIPHASE CORPORATION ("JDSU"),

20 hereby stipulate to an order granting Plaintiff leave to file the First Amended Complaint.

21    Plaintiff filed the Complaint in this matter on August 18, 2010.  The parties exchanged

22 limited written discovery in this case.  Plaintiff now seeks to amend his Complaint to allege a

23 cause of action for Declaratory Relief.

24    A copy of the First Amended Complaint is attached hereto as Exhibit A.   Defendant's

25 / / /

26 / / /

27 / / /

28 / / /

counsel reviewed the First Amended Complaint and stipulates to an order granting Plaintiff leave to file the First Amended Complaint.

DATED: March 17, 2011       PAYNE & FEARS LLP

By: /s/ Rodney B. Sorensen
RODNEY B. SORENSEN, Bar No. 196926

Attorneys for Plaintiff
JOHN FRENCH

DATED: March 17, 2011       DLA PIPER LLP

By: /s/ John R. Shuman, Jr.
JOHN R. SHUMAN, JR., Bar No. 100236
AMY BECKSTEAD, Bar No. 216422

Attorneys for Defendant
JDS UNIPHASE CORPORATION

**ORDER**

**IT IS SO ORDERED.**

DATED: 3/24/11

Hon. Jeremy Fogel
United States District Judge

4838-1472-3848.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

# EXHIBIT A

RODNEY B. SORENSEN, Bar No. 196926
EMILY J. SCHULTZ, Bar No. 202815
E-Mail: *rbs@paynefears.com*
E-Mail: *ejs@paynefears.com*
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Plaintiff
JOHN FRENCH

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN FRENCH,<br><br>    Plaintiff,<br><br>    v.<br><br>JDS UNIPHASE CORPORATION, a Delaware corporation,<br><br>    Defendant. | CASE NO. CV 10-03645 JF<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**(3) VIOLATION OF PENNYSLVANIA WAGE PAYMENT AND COLLECTION LAW**<br>**(4) DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOHN FRENCH alleges:

**THE PARTIES**

1. Plaintiff JOHN FRENCH (hereinafter "Plaintiff") is now, and at all times material to this complaint was, a resident of the State of Pennsylvania.

2. Defendant JDS Uniphase Corporation (hereinafter "JDSU" or "Defendant") is, and at all times material to this complaint was, a Delaware corporation, having its principal place of business in the city of Milpitas, Santa Clara County, California, and qualified to do business and doing business in the State of California.

**JURISDICTION AND VENUE**

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

1  The matter in controversy in this civil action exceeds the sum or value of $75,000 exclusive of

2  interests and costs, and Plaintiff and Defendant are citizens of different states.

3      4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because JDSU is

4  subject to personal jurisdiction in this District based upon its significant contacts in this District.

5  Venue also is proper in this District pursuant to the forum selection agreement entered into by the

6  parties.

## FACTS

8      5. Before its merger into JDSU, Circadiant, Inc. ("Circadiant") was a privately owned

9  optical testing company. Plaintiff was the co-founder and one time Chief Executive Officer of

10 Circadiant.

11     6. On or about October 24, 2009, Circadiant was acquired by JDSU (the

12 "Acquisition") pursuant to the Agreement and Plan of Merger Among JDS Uniphase Corporation,

13 JDSU Acquisition XIV, Inc., Circadiant Systems, Inc., TL Ventures V L.P., and Certain Other

14 Company Noteholders ("Merger Agreement"). Following the Acquisition, Circadiant became a

15 wholly owned subsidiary of JDSU, and Plaintiff became an employee of JDSU.

16     7. Pursuant to Section 2.1.2 of the Merger Agreement, Circadiant stockholders that

17 held Series C Preferred Stock would convert into and receive (i) Closing Consideration Per Share,

18 (ii) such Company Stockholder's Pro Rata Share of the Contingent Cash Consideration, and (iii)

19 the Holdback Cash. Contingent Cash Consideration, which was effectively an earn-out,

20 represented an amount of cash up to $1,000,000. TL Ventures V L.P. was a Circadiant

21 stockholder that held Series C Preferred Stock and was designated as the representative of the

22 Circadiant stockholders and as attorney-in-fact and agent for and on behalf of each Circadiant

23 stockholder with respect to, among other things, the Contingent Cash Consideration.

24     8. Section 2.4.1 of the Merger Agreement, which set forth the conditions for receipt of

25 the Contingent Cash Consideration earn-out by Circadiant stockholders, provides as follows:

> 2.4.1  In addition to the Closing Consideration, the consideration payable to the Company Stockholders pursuant to this Agreement may be increased (but in no event decreased) by an amount equal to the Contingent Cash Consideration, if any, determined to be payable by [JDSU] pursuant to this Section 2.4. The Contingent Cash Consideration will be determined in accordance with this Section

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

2.4.1 on the basis of the amount of Bookings during the period beginning on the Closing Date and ending on the one-year anniversary of the Closing Date (the "***Contingent Cash Period***").  If the Bookings during the Contingent Cash Period are:  (a) less than $5.1 million, no contingent Cash Consideration will be payable; (b) equal to or greater than $5.1 million but less than $6.0 million, the Contingent Cash Consideration will be $500,000; or (c) equal to or greater than $6.0 million, the Contingent Cash Consideration will be $1.0 million.

9. Prior to the Acquisition, Circadiant had in place an Acquisition Bonus Program (the "Bonus Program") to incentivize certain employees, including Plaintiff.  This Bonus Program was favorable to Plaintiff as it allowed him to share consideration with Circadiant stockholders in the event of an acquisition.  As part of the Acquisition, and at the request of JDSU, Plaintiff agreed to the termination of the Bonus Program in return for JDSU restricted stock units ("RSUs").  JDSU agreed to provide increased payment to Plaintiff, in the form of JDSU RSUs, in the event Circadiant stockholders received an earn-out following the Acquisition.  JDSU preferred providing Plaintiff with RSUs over cash consideration because it allowed JDSU to integrate the payment with Plaintiff's employment with JDSU and to provide further incentive for Plaintiff to remain with JDSU as an employee post-acquisition.

10. Consistent with the Parties' intent to provide increased compensation to Plaintiff in the event Circadiant shareholders received increased compensation, Section 7.4 of the Merger Agreement, as amended, provides in relevant part as follows with respect to accelerated vesting of Plaintiff's RSUs:

> One-third of the RSUs will vest no later than on each of the first three anniversaries of the Closing Date; provided that the RSUs shall be subject to the following accelerated vesting schedule:  (a) two-thirds of the RSUs will vest on the date if and when it is determined that any Contingent Cash Consideration is payable pursuant to Section 2.4, (b) all of the RSUs will vest on the date if and when it is determined that the maximum Contingent Cash Consideration is payable pursuant to Section 2.4 . . . and (c) all of any employee's RSUs will vest immediately if such employee's employment with [JDSU] or a Subsidiary of [JDSU] is terminated without cause.

11. On or about November 15, 2008, Plaintiff was granted 52,287 RSUs pursuant to the Notice of Restricted Stock Unit Award, attached hereto as Exhibit 1, and the Restricted Stock Unit Award Agreement ("RSU Award Agreement"), attached hereto as Exhibit 2.  Section 3(c) of the Award Agreement, which tracks the accelerated vesting language of Section 7.4 of the Merger Agreement, provides as follows:

3

    (c)    1/3rd of the Units subject to the Award shall vest on the first anniversary of the Vesting Commencement Date on the Notice of Restricted Stock Unit Award and 1/3rd of the Units subject to the Award shall vest on each anniversary of the Vesting Commencement Date thereafter, provided that, subject to the other provisions of the Notice, this Agreement and the Plan, the Units shall vest on the following accelerated basis upon achievement of the following possible events:

    (i)    2/3rd of the Units subject to the Award will vest on the date if and when it is determined that any portion of the Earn-Out is payable pursuant to Section 2.4 the Merger Agreement;

    (ii)    all of the Units subject to the Award will vest on the date if and when it is determined that the maximum possible Earn-Out is payable pursuant to Section 2.4 the Merger Agreement; and

12. In or around May 2009, JDSU paid Circadiant stockholders $500,000 pursuant to Section 2.4 of the Merger Agreement. Accordingly, Plaintiff's RSUs should have accelerated pursuant to Section 3(c) of Plaintiff's RSU Award Agreement. However, JDSU did not accelerate Plaintiff's vesting.

13. After Plaintiff inquired into the status of his accelerated RSU vesting, JDSU falsely informed Plaintiff that the $500,000 payment "was NOT an early earn out payment" pursuant to Section 2.4 of the Merger Agreement, and was instead made "in lieu of" such payment, and thus did not result in the triggering of accelerated RSUs. Contrary to that representation, JDSU itself characterized and viewed the $500,000 payment as an "early earn out" payment.

14. On June 23, 2009, JDSU informed Plaintiff as follows with respect to his ability to earn accelerated vesting pursuant to his Award Agreement:

> JDSU's position is that the acceleration of the RSUs issued pursuant to Section 7.4 of the Merger Agreement, as amended, shall be determined on the basis of the amount of Bookings made during the Contingent Cash Period, which started on the closing date, October 24, 2008, and ends on October 24, 2009. As such, it is premature at this time to make a determination as to whether the RSUs should be accelerated per the terms and conditions of the Merger Agreement and the proper time to make such determination is on October 24, 2009.

15. Although JDSU informed Plaintiff that his ability to obtain accelerated vesting of RSUs was dependent upon Bookings, as that term is defined in the Merger Agreement, Plaintiff's RSU Award Agreement actually conditioned his accelerated vesting on payment to Circadiant shareholders, which previously occurred when JDSU made the $500,000 earn-out payment.

///

4

FIRST AMENDED COMPLAINT           Case No. CV 10-03645 JF

1   16. Following the $500,000 earn-out payment, JDSU laid off approximately 40% of the former Circadiant employees, which made it essentially impossible to meet the booking requirements set forth in Section 2.4.1 of the Merger Agreement. In October 2009 JDSU informed Plaintiff that no Contingent Cash Consideration would be payable to the Company Stockholders and, therefore, none of his RSUs would accelerate vesting.

17. On or about December 22, 2009, Plaintiff resigned from JDSU. At the time of his resignation, approximately 34,858 of the RSUs issued to Plaintiff remained unvested.

## COUNT I

### (BREACH OF CONTRACT)

18. Plaintiff hereby realleges and incorporates by reference, as though set forth in their entirety, paragraphs 1 through 17, inclusive.

19. Plaintiff duly performed all the conditions of the RSU Award Agreement described above to be performed by him, except those he was prevented or excused from performing. Plaintiff has at all times been ready, willing and able to perform, and has offered to perform, all the conditions of the RSU Award Agreement to be performed by him.

20. JDSU breached the RSU Award Agreement by wrongfully failing to accelerate Plaintiff's RSU vesting. Specifically, Section 3(c)(i) of the RSU Award Agreement provided that Plaintiff would receive accelerated vesting of his RSUs if "any portion of the Earn-Out is payable pursuant to Section 2.4 of the Merger Agreement." JDSU paid $500,000 of the earn-out pursuant to Section 2.4 of the Merger Agreement in or about May 2009. Notwithstanding the payment pursuant to Section 2.4 of the Merger Agreement, JDSU refused to accelerate the vesting of Plaintiff's RSUs.

21. The failure and refusal of JDSU to perform its obligations under the RSU Award Agreement has damaged Plaintiff in that Plaintiff suffered, and continues to suffer, damages in an amount to be determined at trial and according to proof.

## COUNT II

### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

22. Plaintiff hereby realleges and incorporates by reference, as though set forth in their

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1  entirety, paragraphs 1 through 21, inclusive.

2      23.    The law implies in every contract a covenant of good faith and fair dealing by
3  which JDSU promised to perform fairly, honestly and reasonably the terms and conditions of its
4  RSU Award Agreement with Plaintiff and to refrain from doing any act that would harm, disrupt
5  or damage the compensation and other benefits which Plaintiff was entitled to receive pursuant to
6  the RSU Award Agreement.

7      24.    JDSU engaged in wrongful conduct separate and apart from, and contrary to
8  performance of its obligations under the RSU Award Agreement with Plaintiff, in bad faith,
9  arbitrarily and unfairly, and for the purpose of depriving Plaintiff of his rights and benefits under
10 the RSU Award Agreement.  This conduct included, but is not limited to:  (1) refusing to
11 accelerate Plaintiff's RSUs following JDSU's $500,000 earn-out payment made pursuant to
12 Section 2.4 of the Merger Agreement; (2) informing Plaintiff that no early earn-out payment had
13 been made, even though JDSU characterized and viewed the $500,000 payment as an early earn-
14 out; (3) informing Plaintiff that his entitlement to vesting was conditioned upon bookings, even
15 though his RSU Award Agreement condition accelerated vesting on payment pursuant to Section
16 2.4 of the Merger Agreement; and (4) terminating approximately 40% of the former Circadiant
17 employees prior to October 2009, which made it essentially impossible to meet the bookings set
18 forth in Section 2.4.1 of the Merger Agreement.  JDSU breached the RSU Award Agreement
19 without good or sufficient cause, for reasons extraneous to the agreement, and for the purpose of
20 frustrating Plaintiff's enjoyment of the benefits of the RSU Award Agreement.

21     25.    As a direct, foreseeable and proximate result of the breach by JDSU of the implied
22 covenant of good faith and fair dealing, Plaintiff suffered and continues to suffer damages in an
23 amount to be determined at trial and according to proof.

24 <center>**COUNT III**</center>
25 **(VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW)**
26     26.    Plaintiff hereby realleges and incorporates by reference, as though set forth in their
27 entirety, paragraphs 1 through 25, inclusive.
28 ///

6

FIRST AMENDED COMPLAINT      Case No. CV 10-03645 JF

27. At all relevant times Plaintiff's employment with JDSU was governed by the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*. ("WPCL"), pursuant to which Plaintiff's RSUs constitute wages.

28. JDSU has failed and refused, and continues to fail and refuse to pay wages to Plaintiff, in the form of RSUs, under the terms of his RSU Award Agreement described above in a timely manner as required.

29. Plaintiff is informed and believes, and on that basis alleges, that JDSU's failure to pay wages, as alleged above, was willful in that JDSU knew that Plaintiff was entitled to accelerated RSU vesting, yet JDSU willfully refused, and continues to refuse, to provide Plaintiff with the RSUs owed to him, as required. The willful nature of JDSU's conduct entitles Plaintiff to a 25% liquidated damages penalty pursuant to the WPCL.

30. Plaintiff is entitled to all RSUs due and owing, together with penalties, interest and reasonable attorney's fees and costs of suit in such amounts to be ascertained at the trial of the matter herein according to proof.

## COUNT IV
## (DECLARATORY RELIEF)

31. Plaintiff hereby realleges and incorporates by reference, as though set forth in their entirety, paragraphs 1 through 30, inclusive.

32. An actual controversy has arisen between the parties regarding their rights and obligations under the Merger Agreement and RSU Award Agreement. Specifically, an actual controversy has arisen with respect to whether JDSU's payment of $500,000 to the Circadiant stockholders in approximately May 2009 represented any portion of the Earn-Out, or Contingent Cash Consideration, that is payable pursuant to Section 2.4 of the Merger Agreement. JDSU contends it paid the Circadiant stockholders $500,000 in approximately May 2009 as a settlement payment and further contends that amount was not paid pursuant to Section 2.4 of the Merger Agreement. Plaintiff contends JDSU's $500,000 payment was an early earn-out pursuant to Section 2.4 of the Merger Agreement that triggered accelerated vesting of Plaintiff's RSUs pursuant to the RSU Award Agreement.

7

FIRST AMENDED COMPLAINT                                    Case No. CV 10-03645 JF

33. Plaintiff, therefore, respectfully requests a determination that JDSU's payment of $500,000 to the Circadiant stockholders in approximately May 2009 represented a portion of the Earn-Out, or Contingent Cash Consideration, payable pursuant to Section 2.4 of the Merger Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against JDSU as follows:

1. For an order that JDSU deliver to Plaintiff certain vested RSUs as identified herein;

2. For compensatory damages, including but not limited to general damages, according to proof;

3. For a determination that JDSU's payment of $500,000 to the Circadiant investors in approximately May 2009 represented a portion of the Earn-Out, or Contingent Cash Consideration, payable pursuant to Section 2.4 of the Merger Agreement.

4. For an award of interest, including pre-judgment interest at the legal rate;

5. For an award of liquidated damages, attorney's fees and costs pursuant to the WPCL;

6. For costs of suit incurred; and

7. For such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury upon all issues, to the fullest extent permitted under applicable law.

DATED: March 17, 2011                    PAYNE & FEARS LLP

By: _____
RODNEY B. SORENSEN
Attorneys for Plaintiff
JOHN FRENCH

4818-0729-2168.1